CHARLES W. WHITING AND WIFE *vs.* ELIPHALET BECKWITH.

The act of 1860 provides that money or other property acquired by a married woman during coverture by her personal services shall be held by her to her sole and separate use. Under this act money due for her services is protected as hers, in the same manner as if the money had been received.

Where therefore a suit was brought by the husband and wife for the recovery of money due for her personal services, it was held that a claim against the husband could not be set off by the defendant.

ASSUMPSIT by husband and wife, to recover money due for the personal services of the wife during coverture. The defendant pleaded a set-off of an account against the husband. The issue was closed to the court, and the case tried in the superior court before *Carpenter, J.,* who refused to allow the set-off, and the defendant moved for a new trial. The statutes affecting the question are stated in the opinion.

*Hovey* and *Davidson,* in support of the motion.

*Wait* and *Pratt,* with whom was *Starkweather,* contra.

MCCURDY, J. The harsh features of the common law in relation to the right of married women to hold and control property, have been greatly modified by statute in this country.

In this state the changes have been frequent, and the right has been constantly enlarged.

By the 1st section of the statute of 1850 it is enacted, " that all real estate conveyed to a married woman during coverture, in consideration of money or other property acquired by her personal services during such coverture, shall be held by her to her sole and separate use." By the statute of 1860 the provision of this section is extended and applied to *such money or other property so acquired,* so that not only real estate but money or *any other kind of property* accruing from her personal earnings, shall be held by her as her own. The object of this extension was that all such earnings, in whatever shape, should belong to her. It could not have been intended that her wages when paid in hand should be hers, but until such payment should be due to her husband, especially as the money would belong to her even if received by him.

Under the well known term of " a chose in action," a debt due to a person is a species of property, and possesses its attributes. It may be conveyed, attached or inherited. It is inventoried as part of an estate, and passes by a will bequeathing " all the testator's property."

Giving the statute such a construction as will effect its purpose, we have no doubt that a debt due to the wife for her personal services may be held by her to her sole and separate use. Of course therefore it is not liable to be taken as the property of her husband by the set-off of a debt against him, although their names may be joined in the suit.

In the case of *Ferguson* v. *Lothrop,* 15 Wend., 625, the court allowed the set-off upon the express ground that the rent for which the suit was brought belonged to the husband.

We see no error in the decision of the superior court.

In this opinion the other judges concurred.