WILLIAM J. MORGAN, TRUSTEE, *vs.* FRANCIS W. BOLLES, EXECUTOR.

A husband and wife were living with his mother, and for a period before the mother's death the wife took care of her. Held, that in the absence of any evidence of a contrary intention, it would be presumed that she rendered the services in behalf of her husband.

ASSUMPSIT by the plaintiff as trustee of his wife, for services rendered by the wife, brought to the Superior Court in Middlesex county. The facts were found by auditors and on the facts the court (*Granger, J.*) rendered judgment for the defendant. The plaintiff brought the record before this court by motion in error. The facts are sufficiently stated in the opinion.

*L. L. Phelps*, for the plaintiff.

*Chadwick* and *Culver*, for the defendant.

HINMAN, C. J. The plaintiff as trustee of his wife claims in this suit compensation for the services of his wife rendered to his mother in watching with and nursing her for some time before her decease. The plaintiff and his wife lived in the same house with his mother and she took such care of her as her necessities required. The real estate belonged to the

mother and the plaintiff occupied and took the benefit of it, and the auditors find that the benefit he received from it was more than sufficient compensation for the services of his wife and for any services rendered by him personally. There was no contract with regard to the mode of compensation for the wife's services, nor with regard to the person to whom the compensation should be made, except such as the law raises from these facts ; there being however the further fact that the services of the wife for the first six weeks were settled for by the mother by the delivery of a cow to the plaintiff, which fact would seem to indicate that compensation for the service was to be made to the plaintiff individually and not to him as trustee of his wife.

No doubt the wife, under the equity of the statute vesting in the husband as trustee for her all personal property acquired by her by means of her personal services, may be the equitable owner of any indebtedness accruing for such personal services, as well as of the personal chattels which she may purchase with the money received by her for such services. *Whiting and wife* v. *Beckwith*, 31 Conn., 596. Still, the service of the wife presumptively belongs to the husband, and while she is living with him in the same house with his mother service rendered to the mother would ordinarily be presumed to be rendered in behalf of the husband. It is incumbent therefore on the plaintiff to show that the services were rendered under such circumstances as indicated an intention that she should receive and have the benefit of the compensation paid for them. Here the circumstances all point the other way.

If therefore the husband was entitled individually and not as trustee to compensation for the wife's services, he of course cannot recover for them as trustee ; and it is found that he has received adequate compensation in the use of the real estate of his mother. There is no error in the judgment complained of.

In this opinion the other judges concurred.