MICHAEL SHEA AND WIFE vs. WILLIAM MALONEY.

The act of 1878 (Session Laws 1878, ch. 61,) since repealed, provided
that "all property" thereafter acquired by any married woman should
be held by her to her sole and separate use. Held that money due for
the personal services of a married woman in washing and house clean-
ing, was property acquired by her within the meaning of the statute.

A suit to recover for such services was brought by the husband and
wife jointly, and judgment rendered in their favor in the court below.
Held, on appeal of the defendant, that while the husband was a bare
legal trustee of the wife's property under the statute, so that a suit
might more properly have been brought in his name as trustee, yet
the error was "immaterial" and did not "injuriously affect the
appellant," and therefore, under the act of 1882 (Session Laws 1882,
ch. 50, sec. 8,) was not a sufficient ground for reversing the judgment.

[Argued October 23d—decided November 17th, 1884.]

ACTION by husband and wife to recover money claimed
to be due the wife for her personal services; brought to the
Court of Common Pleas, and heard before *Mather, J.*
Facts found and judgment rendered for the plaintiffs, and
appeal by the defendant. The case is fully stated in the
opinion.

---

*Judge HOVEY of the Superior Court sat in the place of Judge PARDEE,
who was not able to attend from illness.

*F. S. Brown* and *J. J. Desmond*, for the appellant.

*S. S. Thresher*, for the appellees.

GRANGER, J.   It is found in this case that Honora Shea, one of the plaintiffs, and the wife of Michael Shea, the other plaintiff, in the year 1880, being then a married woman as now, performed domestic service in the family of the defendant, at his request, such service consisting of washing, cleaning house, and other like labor, and extending over more than half a year.   The number of days that she thus worked are found to have been one hundred and thirteen and a half, and the value of the work $113.50 in the whole.   The sum of $26 furnished the family in groceries by the defendant had been with her consent credited on the bill, leaving $86.50 due.   The defendant claimed to hold the husband's receipt in full for whatever balance was due, but the court finds that the receipt, which was signed with a mark, was not given by the husband or by any one authorized by him to give it.   The suit is brought by the husband and wife, who recovered judgment in the court below, and the judgment should stand if the money due can be regarded as belonging to the wife and not to the husband.

The rights of the wife in the case depend upon the construction to be given to the act of 1878 (Session Laws of 1878, ch. 61.)   That statute was repealed in 1882, but was in force when the services in question were rendered.   Its language is as follows:   "All property hereafter acquired by any married woman shall be held by her to her sole and separate use."   The question is whether money due for such services of a married woman is "property" within the meaning of the act.

We can not entertain any doubt upon the point.   It would be altogether too narrow a construction to put upon such a remedial statute to hold that mere visible and tangible property was intended—something capable of manual delivery or of actual possession.   The word is often used in a large sense to indicate what a man owns, or the

estate that he has left upon his death; and money for personal services is as much a part of his assets as a horse or a piece of land. The liberal construction intended is shown by the use of the word " all " in connection with it—" all property acquired." Indeed this very point has been decided by the court, in giving a construction to another statute, in *Whiting* v. *Beckwith*, 31 Conn., 596.

It is claimed however by the defendant that if the money due for her services was the property of the wife, held for her sole and separate use, the legal title to it was yet in the husband as trustee, and that even where the title thus held by a husband is as here a bare legal title, it is yet necessary for any suit brought upon the claim to be brought in his name as trustee; and in support of this claim the defendant cites the cases of *Wheeler* v. *Wheeler*, 43 Conn., 509, *Williams* v. *King*, 43 Conn., 574, and *Darcy* v. *Ryan*, 44 Conn., 520. There is no doubt that the law recognizes a bare legal title still remaining in the husband, even after he has relinquished his statutory interest in the claim, so that a suit might have been brought in his name as trustee. The question is however one of those merely technical ones that the law does not regard with favor. It can make no possible difference to the defendant whether the wife is joined or not. No interest of his is touched in any possible way. The error therefore, if it be one, is so unimportant that we are clear that it comes within the provision of the act of 1882, (Session Laws of 1882, ch. 50, sec. 8,) that a judgment is not to be reversed for errors that are immaterial or do not injuriously affect the appellant.

There is no error in the judgment complained of.

In this opinion the other judges concurred.