The opinion of the court, (Gibson, J. being absent,) was delivered by
Huston, J.
James Downey and wife brought a scire facias, on a recognizance entered into by John Wishart for Catherine Dow~ ney’s share of her father’s estate,—the recognizance was to James Downey and Catherine. After oyer, the defendant pleaded payment with leave to give the special matter in evidence,—replication and issue. After the plaintiffs had given evidence to make out their ease, the defendant offered to give parol proof, that the defendant, John Wishart, lent James Downey, the plaintiff, two hundred dollars in the year 1811, immediately before the appraisement of the land, and entering into the recognizance aforesaid; and, further, that a note or bond was given for the same which cannot now be found. This evidence was objected to and overruled, and exception to the opinion of the court was taken.
This exception and the following one in the cause are very loosely stated, and are the only cases from that county which are so. It is not certain why the evidence was rejected. Regularly, the defendant ought to have proved the existence and subsequent loss of his bond or note, and then the contents of it, or else the actual loan of the money. In England, the suit being in right of the wife, and of such nature as that it would survive to her, this claim could not be set off. Our law differs from theirs, and this if proved was a set-off. See Murray v. Williams, 5 Binn. 135, and Yohe v. Barnett, 1 Binn. 358,—expressly in point.
Whether a set-off can be given in evidence under the general plea of payment with leave, ,&c. has been questioned, and different *79 opinions seems to have been entertained. This, independent of any rule of court;-~~but the 50th rule of this court is express, and a specification of it need not be given unless required: while that rule is in force it would seem it can be given in evidence and need not be pleaded. Whether the evidence offered would prove it a note under seal, or without a seal, or a bond, is not stated; and whether the statute of limitations could have any effect on this part of the defence, cannot be known until the evidence is heard.
The defendant then gave in evidence several receipts for money paid the plaintiff, in part; and offered to prove the payment of other sums, by a person who saw them paid, and for which receipts were given and not produced: this evidence was overruled, and exception taken.
Why a defendant should not produce his receipts, if he has them, I cannot see. As to precision of date and amount paid, they are, it seems to me, much preferable to the memory of any witness, but it has been decided by this court, (see Heckart v. Haine, 6 Binn. 16,) that the production of the receipt or of the subscribing witness to it, where there is one, is not necessary. The receipt in writing is not necessary. The fact that money was paid may be proved by any witness who knows it. I should suppose this case was not brought into the view of the judge. At the same time, I would say, if notice to produce the receipts is given, and they are not produced, and no reason given why they are not, it would be matter which ought to affect the defendant’s case, more or less according to circumstances.
Judgment reversed, and a venire facias de novo awarded.