# Dennison *against* Nigh.

A husband has but a naked power over a bequest to his wife, and one which he is not obliged to exercise in favour of his creditors ; nor is such bequest the subject of attachment for the husband's debt.

ERROR to the common pleas of *Franklin* county.

This was a *scire facias* upon a judgment on a foreign attachment, by James Dennison against Samuel Nigh, garnishee of John Lutshaw, in which the question arose, whether a bequest to Mary, the wife of John Lutshaw, was the subject of a foreign attachment at the suit of his creditor.

That part of the will of Andrew Dennison, the father of Mrs Lutshaw, which made the bequest, was this : " I will and allow, that the residue of my estate be equally divided between my sons John, Andrew, William, James, Samuel and Robert, and my daughters Betsey intermarried with James Sweney, *Mary intermarried with John Lutshaw*, Rebecca intermarried with Robert Johnston, Nancy intermarried with Adam Johnston ; and the heirs of Hugh Dennison to have one share ; which I allow to be paid to them, share and share alike, as the moneys may be received out of my estate." The testator then authorised his executors to sell all his estate, real and personal, but left this discretionary with them.

The court below (Thompson, president) was of opinion, that the bequest was not the subject of attachment, and therefore rendered a judgment for the defendant.

*Dunlop,* for plaintiff in error, cited, *Serg. on Att.* 86 ; *Roll. Ab.* 551 ; Whiteside *v.* Oakman, 1 *Dall.* 294 ; Barnes *v.* Treat, 7 *Mass.* ; 1 *Day's Cas.* 436 ; 3 *Day's Cas.* 436 ; 1 *Connect.* 383.

[Dennison v. Nigh.]

*Denny*, contra, cited, Morris *v.* Griffith, 1 *Yeates* 192.

PER CURIAM.—The decision of this case depends not on the abstract question whether a legacy may be attached, but on the nature of the interest in another respect.   It is enough for the defence of the garnishee, that the ownership is not in the defendant, but in his wife ; the interest bequeathed to her being a portion of her father's estate when turned into money.   Though marriage is in effect a gift of the wife's personal estate in possession, it is said to be but a conditional gift of her chattels in action ; such as debts, contingent interests, money owing her on account of intestacy, or orphan's portions in the hands of the chamberlain of London.   2 *Ventr.* 341. Perhaps the husband has in strictness but a right to make them his own by virtue of the wife's power over them, lodged by the marriage in his person.   But if these be not taken into his possession, or otherwise disposed of by him, they remain to the wife ; and if he destines them so to remain, who shall object ?   Not his creditors, for they have no right to call on him to obtain the ownership of his wife's property, for their benefit, especially as their debts were not contracted on the credit of it ; and until he does obtain it, there is nothing in him but a naked power, which is not the subject of an attachment. The case put in 1 *Roll. Abr.* 551, of goods tortiously taken from the defendant in the attachment by the garnishee, comes entirely up to the principle.   It was held, that the goods could not be attached, because the defendant had but a right of action for the trespass. Without, then, determining whether a legacy can be attached in any case, we deem it enough for the present question, that the husband had but a naked power over the subject of this bequest.

Judgment affirmed.