The opinion of the court was delivered by
Huston, J.
There is scarcely any part of the law, in which the . 'distinctions have gone on nicer grounds, than in that which relates to the rights of husband and wife. Nay,, the decisions are not always to be reconciled ; and, in more than one instance, what was held to be law at one time, has been subsequently expressly overruled. I shall confine my remarks to the case before us.
The cases cited do not, all of them, apply to the case before us. This is not the case of money earned by the labour of the wife, and sued for on the implied promise to pay; nor is it the case of money or goods devised to a married woman, or of a bond or note given to a married woman — it is a legacy devised to a woman before ' *183 ■she was married. I may admit that the husband could sue for it alone — could release it — assign it; that it would go to the assignees of her husband, if a bankrupt, or insolvent debtor. Here he has not sued for it', nor released, nor assigned it, nor been declared a bankrupt, nor assigned and been discharged under the insolvent debtors’ act.
The position, that if a husband can sue for it alone, and recover, it is his, and goes to his executors, and does not survive, is not admissible. He may assign a term for years- — bring ejectment, and recover it in his own name. It may in his lifetime be taken on execution for his debt; and yet every book says, that if he does not assign it — does not bring an ejectment for it, in his own name, but leaves it not sued for, or joins his wife with him, as plaintiff, in the ejectment, or it is not taken in execution for his debts, during his life, it survives to the wife ; and he cannot prevent this, by devising it; though he could have sold or assigned it till the last moment of his life. In England, legacies are recoverable generally in chanpery, and this has introduced a part of their law, as to husband making provision for his wife, where the gift is to her, before he pan recover the bequest; and on this subject, also, all the decisions are not easily reconciled. We may say that, generally, where he has made a settlement on her at the marriage, he gets legacies, claiming as a purchaser, without any'new settlement on recovering the legacy. But this is not universally so. For where the sum settled at the marriage is small, and the legacy large, he has been compelled to settle a further sum. In this case, the husband has made no settlement; and his creditors can’t claim on that account. But this chancery power has not been exercised in this state. It would seem, then, that although the right of the husband is in many cases absolute, yet, if he dpes not exercise the right, it expires with his life. He is entitled to the property, to the term for years, the phose in action or legacy; but he is entitled to it, and owns it, in right of his wife; and when he dies without having exercised his right, her right is superior to, and exclusive of all others. Husband and wife are, in law, but one person. All rights to personal property which were in her, by this legal fiction, are in him, as identified with her, during his life; and though he, having the power to sue or dispose, may recover, and reduce to possession or dispose of the chose in action without her, yet the right still remains in her so far, that if she survives, she has it precisely as she had it before marriage.
The act of the husband only, can divest this right of the wife. A creditor can imprison a man if he does not pay his debts, and has no property on which-to levy it. But, although in prison, the creditor cannot compel him to assign his own bonds, given directly to himself; nor the bonds or legacies given to his wife before her marriage: and I think no case or dictum can be found to show, *184 that during his life, or after his death, the bond or legacy to the wife, before marriage, can be taken for his debt. If he wishes to be discharged from prison under acts for relief of insolvent debtors, he must assign them ; and then, it is the act of assigning, which passes them to the creditors. The fact of his being indebted, and no other fund to pay creditors, will not pass them. The law seems to require some act of the husband, to take them from the wife. If no act is done by the husband, the chose in action, which was the wife’s before marriage, must be hers after his death. In this case, the husband has done no act: has not sold, released, or assigned — either voluntarily or as a bankrupt. The result of this may be, that a husband may have a right to money which he could get, but which his creditors cannot reach. So a bond may be due to him, or a debt; his creditors cannot levy on either of these; and if he will lie in jail, they cannot obtain them during his life. ■ A bond to himself, or a debt to himself, may, after his death, be reached by his creditors; but a legacy or debt to the wife, before her marriage, if not collected by the husband, his creditors cannot obtain: for, as it was originally in the wife, and the husband’s right arose from the fiction of the law, which, for many purposes, considers husband and wife but one person, the law remits to the wife her original right on the death of the husband; and neither the heirs nor creditors of the deceased husband have any right to it. The very point now before us, was decided by this court, in 2 Watts. 90; for this yearly sum is the legacy. The bequest is not of the principal to the wife, and the interest annually. If it was so, I am not aware that it would make any difference. If a bond is due to a woman before marriage, and neither principal nor interest disposed of by the husband during life, the whole, on his death, goes to the wife. So of a legacy bearing interest.
Whether any legacy can be attached for the debt of the legatee, ha§ not yet been decided in this state, and we say nothing about it.
Judgment affirmed.