## D. & N. FERGUSON vs. LOTHROP.

Where a *lease* is made by *husband* and *wife* of *premises belonging to the wife*, and an action be brought for the recovery of the rent, the lessee is entitled to *set off* a demand against the husband *alone*, although the suit be in the names of both husband and wife.

Where the husband may bring the action in his own name, he cannot defeat the right of set-off by joining his wife as a co-plaintiff.

THIS was an action of *covenant* on a lease executed by Daniel Ferguson and Nancy Ferguson to Albert W. Lothrop, bearing date 21st May, 1832, demising certain premises until 1st April, 1833, reserving a rent of $250, of which $50 was to be paid in repairs, and the residue in cash in four instalments, on the first days of September, December, March and April succeeding the date of the lease. The lease contained an agreement that the lessee should have the election of extending the term four years from the 1st April, 1833, at an annual rent of $400, in quarterly instalments. The lessee entered and remained in possession until the autumn of 1833, when he quit the possession, and in April, 1834, *Daniel Ferguson*, one of the plaintiffs, entered. The suit was brought in the names of both husband and wife, for the recovery of five hundred dollars rent, alleged to be in arrear on the 1st January, 1834. The cause was heard before *referees*. On the hearing, it was proved that *Nancy Ferguson* was the wife of *Daniel Ferguson*, and that she *owned* a part of the demised premises. It appeared, by proof and admission, that the $50 to be paid in repairs and the $50 due in September, 1832, had been paid. The defendant offered to prove a *set-off* against *Daniel Ferguson* alone, which was objected to, and the proof rejected by the referees, who made a report in favor of the plaintiff for $273,03, which sum was arrived at by charging the lessee the $250 rent reserved for the first term, and $100 a quarter's rent under the extended term, and *interest* upon the rent as it accrued, and deducting the payments, amounting to $100. The defendant moved to set aside the report.

*W. C. Noyes,* for defendant.

*C. P. Kirkland,* for plaintiffs.

PER CURIAM. The allowance of rent up to July, 1833, was undoubtedly proper, according to the evidence before the referees. The only question in the case is, whether the *set-off* against the husband was properly excluded ; and this involves to some extent the doctrine of the marital rights of the husband.

By mariage the husband becomes possessed of his wife's personal property absolutely, and on his death, they go to his personal representatives. He may collect her choses in action, and they then become his own ; the chattels real of the wife also become the property of the husband ; and if the wife be seized of an estate of inheritance at the time of the marriage, the husband is entitled to the rents and profits during their joint lives. For an injury to the profits, the husband must sue alone ; but for an injury to the inheritance, the wife must join ; and if the husband dies before recovery, the right of action survives to the wife. 2 *Kent's Comm.* 130, 143. 2 *Wils.* 423, 424. *Clancey's Rights of Women,* 1 to 10. For some causes of action accruing during coverture, the husband must sue alone ; for others, he may join his wife or not as he pleases. If the cause of action will not survive to the wife, then the husband must sue alone ; if it will survive, then the wife may be joined. *Clancey,* 8, 9. They may also join upon a promise to the wife for her labor and services. *Cro. Jac.* 77, 205. A judgment in the name of husband and wife, for a debt due the wife before marriage, survives to the wife upon the death of the husband before collection ; but if the wife dies before collection, the judgment belongs to the husband. *Reeves' Dom. Rel.* 20. A judgment upon a bond for the maintenance of husband and wife, survives to the wife. 10 *Johns. R.* 49. As to the cases in which the wife's right of survivorship exists and those in which it does not, Mr. Clancey, after reviewing the cases generally, draws this conclusion : that if the judgment be for the recovery of choses in action due to the wife *dum sola,* it shall survive to the wife, un-

less the husband have issued execution, which is considered as evidence of his intention to reduce the choses in action into possession, and thus bar the wife's right of survivorship; but if the judgment be for choses in action accruing during marriage, then, as the husband might have sued alone, or have joined his wife, as he pleased, if he had not made her a party, the judgment would bar her right surviving, though he should have died without having issued an execution. *Clancey*, 115.

In the present case it cannot be doubted that, supposing the estate out of which the rent accrued to have been the wife's, the husband was entitled to the rents and profits during coverture at least. He might have executed the lease alone; the rent belonged to him, and he might have collected it in his own name upon the present lease, or he might use the name of his wife as he has done. The money, however, was due to him, and ought to be subject to any legal set-off against him. A legal demand against him ought not to be defeated by making an unnecessary use of the name of his wife. Even supposing a judgment recovered would survive, that does not determine the set-off against the defendant. It cannot be denied that the husband had a right to receive the rent, nor that he might receive payment by the satisfaction of a debt he owed to the defendant. If he had a right to do this voluntarily, without violating the rights of the wife, the law may compel him to do it without such violation. The wife's right, if any exists, does not attach until the death of her husband; all previous rights and liabilities, therefore, are to be liquidated, as if no such right or survivorship existed. We confine our remarks to the case before the court, where the husband was entitled to the use and occupation of the wife's real estate before the lease was executed—where he was entitled to the rent after it accrued, and might have sued for it in his own name, without joining his wife. There is in our judgment, no objection to the set-off arising out of the form of the action, or the fact that the wife was unnecessarily made a plaintiff. The demand was against the real plaintiff in the suit, and should have been set off. The report of the referees should be set aside : costs to abide the event.