First Circuit.

Schwarz.
vs.
Sears.

CATHARINE E. SCHWARZ, ET. AL., VS. NATHAN SEARS, ET. AL.

On a motion to dissolve an injunction before answer, the allegations in the bill are to be taken as true.

The cases where a deposite of money is dispensed with are where there is an uncertainty as to the amount which is due.

The bill in this case was filed for the purpose of setting aside a foreclosure of mortgage under the statute and to redeem the same. There was a dispute between the mortgagor and mortgagee as to the real amount due upon the mortgage. An injunction was granted on the filing of the bill to restrain the defendants from perfecting their proceedings under the statute foreclosure, and from procuring a deed from the Sheriff. The case now came before the court on a motion to dissolve the injunction before answer.

A. W. BUEL, in support of the motion, contended that the injunction should be dissolved.

FIRST—Because there is no equity in the bill.

SECOND—If there be equity in the bill, the balance due upon the mortgage should have been brought into court.

A creditor is not allowed to make it a condition of a loan that he shall receive a compensation for his services in procuring the money, and if the amount of such compensation is included in the security given for the loan the court will on the debtors paying into court the amount reported to be due by a master after deducting the sum charged for such services, grant an injunction to stay all proceedings on the mortgage. *Hine* vs. *Handy*, 1 *J. C. R.* 6.

By the complainants' bill the court is in possession of the whole case, and having the power to do equity as well to the defendants as to the complainants, will exercise that power, and for such purpose will refer the case to a master to ascertain the amount due, and will order a sale of the premises upon such terms as are just and equitable.

A party seeking equity must do equity ; when a party comes in to a court of equity for relief he will be compelled to do equity to others. 2 *Cow. R.* 139.

Where a party seeks equitable relief against usury, he must first bring into court the money actually loaned with legal interest. 1 J. C. R. 356, 1 T. R. 153, 1 Paige Ch. R. 429.

This case comes within the spirit of the statute and for that reason we contend the money should have been brought into court. As to the meaning of the term "proceedings at law," see 1 Hoff. Ch. Pr. 88, 89 ; also note to page 89, referring to the Ms. case of Newton vs. Douglass, where it was held that chancery proceedings come within the spirit of the phrase "proceedings at law," and proceedings in chancery would not be restrained without bringing the money into court.

A. D. Fraser, contra.

Under the motion to dissolve the injunction in this case two positions are assumed by the defendants: First, that there is no equity in the bill ; and Second, that if there is, the complainant should have brought the balance due into court.

The complainants insist upon the negative of both these positions ; for:

First—The bill sets out various grounds for the equitable interposition of the court.

Secondly—This case does not fall within the rule applicable to that class of cases in which the money is required to be brought into court. That rule appears to have reference to personal actions at law in which judgment has been obtained, or an award, and in certain cases where the defendant's answer shows a certain sum to be due. The rule is discretionary in some of those cases, but the principle is wholly inapplicable to this case. Eden. 82, 83 ; 2 Ves. & Beames 74; 1 Paige R. 426 ; 4 Wash. R. 178.

The Chancellor :—This is a motion to dissolve an injunction :

First, for want of equity in the bill.

Second, for that the complainants have not brought into court the amount due.

There is sufficient stated in the bill to warrant the interference of the court, and as the case now stands to require that this court should afford the complainants the protection they ask. The defendants not having answered the allegations of the bill it must be taken to be true, for the purposes of this motion.

First Circuit.
Schwarz,
vs.
Sears.

But it is further urged that the complainants should be required to bring the amount actually due into court. The court in its discretion may require as a condition of granting the continuance of an injunction that the complainants bring the amount apparently due into court. It is a general rule that when a party comes into a court of equity for relief he must do equity.

The cases where the deposite of money is dispensed with when relief of this kind is sought for in this court, are, where there is uncertainty as to the amount due, or doubt whether in the progress of the cause it may not turn out that no part of the claim should be paid; such is not the case here.

It is admitted by the bill that there is a balance due upon the mortgage which they profess their readiness to pay, and which can be as well ascertained now by reference to a master to compute the amount due after deducting the several payments as at any other stage of the cause.

If the defendants choose to submit to the case as made by the bill, I can see no reason why they should be subjected to the expense of answering.

The complainants, by the course pursued by the defendants, were compelled to come into this court to obtain relief, and as the case now stands I see no reason why they are not entitled to the relief they ask. The complainants proffer their readiness to pay the amount actually due and as preliminary to granting them the relief they ask, they should be required to do so.

Let it be referred to a master to compute the amount remaining due after deducting all payments which have been made ; and it is ordered that the complainants within sixty days after such report becomes absolute, shall deposite in this court subject to the order of this court, the amount remaining due, with interest from the date of the report ; and upon compliance with said order, the injunction to stand until further order.