## Lowman's Appeal.

In a proceeding in the Orphans' Court by a husband to recover a legacy to his wife, the executor may set-off a bond of the husband given to the testator in his lifetime.

APPEAL by George Lowman, administrator *de bonis non*, with the will annexed, of George Lowman, deceased.

This was a petition by George Landis, assignee of Peter Landis and Elizabeth his wife, who was a legatee under the will of George Lowman, deceased, to compel the payment of the legacy. It appeared that an account had been settled by the administrator *de bonis non* in 1835, and that there was a balance in his hands of $1171, a share of which was claimed by the petitioner, under the will of the testator, which directed his estate to be equally divided amongst his children.

The defence set up was—the testator in his lifetime held a bond of Peter Landis. for an amount greater than the legacy claimed, which the respondent claimed to set-off against the petitioner's claim.

The court below was of opinion that the set-off could not be allowed, and decreed the payment of the legacy into court, there to await the further order of the court relative to its payment to the wife.

*M'Clure*, for appellant, cited 1 *Binn.* 358; 15 *Serg. & Rawle* 77; 6 *Watts* 131; 2 *Rawle* 185; 7 *Watts* 79; 1 *Serg. & Rawle* 390.

*Parke, contra*, cited 2 *Watts* 90; 10 *Watts* 54; 8 *Watts* 260.

The opinion of the Court was delivered by

SERGEANT, J. — This is a proceeding by the husband, in the Orphans' Court, to recover from the remaining assets in the hands of the executor, a legacy bequeathed to his wife by the testator, her deceased father, instituted under the 47th section of the Act of Assembly of the 24th of February 1834. The executor claims to set-off against this demand, a bond formerly given by the husband, and afterwards assigned to the testator. The court below was of opinion that the set-off ought not to be allowed.

That such set-off may be made, has been in effect decided by this court in several instances. In *Yohe* v. *Barnet*, (1 *Binn.* 358), it was held, that a judgment obtained against the husband, might be set-off in a proceeding by him in the Orphans' Court against the administrator, to recover the amount of his wife's

share of the proceeds of sale of the real estate of the wife, sold on a proceeding in that court in partition. And in *Wishart* v. *Downey*, (15 *Serg. & Rawle* 77), the husband sued on a recognizance, which had been given to secure the value of his wife's share in the real estate of her deceased father; and it was decided that a debt of the husband to the defendant might be set-off against it. There is great reason and equity in adopting this course. It prevents circuity of action, and secures to the estate a debt, which otherwise would be entirely lost, where the husband is insolvent. It would be unfair that he should recover a claim, which in fact is his, from the estate, and at the same time leave unpaid the debt which he owes.

As to the reason assigned by the court below for not permitting this set-off, that by this means the wife's right to have a settlement secured to her out of the legacy would be defeated, it is a sufficient answer, that the provisions of the 48th section of the Act of Assembly of the 29th of March 1832, extend only to cases where the moneys are raised from the real estate of the wife; the intent of the Act being to remove the hardship pointed out by the court in the case of *Yohe* v. *Barnet*. The provision does not embrace pecuniary bequests. They are choses in action at the testator's death, and remain subject to the existing rules. The husband may make such legacy his own, by any step which amounts to a reduction into possession; and a decree or judgment in a suit brought by him to recover it, has that effect.

It is alleged, however, by the appellee, that the bond of the husband has been paid, and he desires an opportunity to prove that fact before a jury, in a suit which he has brought in the Court of Common Pleas to recover the legacy. For this reason, though the decree of the court below is reversed, and if the bond should not be found to be paid, the set-off will be decreed here; yet time is given to have the fact determined, and the case is reserved for further order, without prejudice to the rights of the appellant, from any ulterior changes that may happen by death or otherwise.

Decree accordingly.